UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,

    Plaintiff,

v.                                Case No. 3:21cv872-MCR-HTC

DONALD TRUMP, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Cleven Moorer, a Massachusetts resident proceeding *pro se*, initiated this action[1] by filing a complaint against "Donald Trump and the White House." ECF Doc. 1. Plaintiff also states on the first page of the complaint form that he is "suing all Presidents and Vice Presidents since 1955." *Id.* With the complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2 (E).

For the reasons discussed below, the undersigned recommends this case be dismissed *sua sponte*, as Plaintiff's allegations are illogical, nonsensical, and

---

[1] The online docket for this case lists this action arising under 42 U.S.C. § 1983. However, Plaintiff does not identify this action as a *Bivens* case or a section 1983 case. Regardless, as discussed herein, Plaintiff has not identified any cognizable claim.

frivolous. Indeed, Plaintiff has a history of filing frivolous suits with this Court, including the following: (1) *Moorer v. Vinson*, 321cv84TKW/EMT—a case against Senior District Judge Roger Vinson, which was dismissed as frivolous; (2) *Moorer v. Davis*, 321cv583MCR/HTC—a case against Magistrate Judge Miles Davis, which was dismissed as frivolous; (3) *Moorer v. Yonkers City Jail, et al.*, 311cv248MCR/EMT, a case against the Yonkers City Jail and Westchester County Jail, which was dismissed for improper venue; and (4) *Moorer v. Viviano*, 311cv167MCR/EMT, a case against an attorney at the Legal Aid Society in White Plains, New York, which was dismissed for failing to state a claim. Also, within days of filing this action, Plaintiff also filed a second action against Queen Elizabeth and the Parliament. *See Moorer v. Queen Elizabeth, et al.*, 321cv874MCR/HTC.

Additionally, because the undersigned finds Plaintiff's complaint to be frivolous, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

**I.   THE COMPLAINT DOES NOT CONTAIN A CAUSE OF ACTION**

Plaintiff initiated this action by filing a complaint on this Court's form. In the "Defendant(s)" section, Plaintiff identifies only Donald Trump and states that he is suing Donald Trump in his individual and official capacities. ECF Doc. 1 at 3. For Donald Trump's address, Plaintiff states "White House, Washington D.C." *Id.* Although Trump is the only listed defendant, as stated above, in the case style

Plaintiff also identifies "all Presidents and Vice Presidents since 1955." *Id.* at 1. The entirety of Plaintiff's factual allegations, quoted as written, are as follows:

> Donald Trump, and all the Presidents since 1954, have not gotten my social security money, to me, in full. The Presidents social security people, say that my money does not come over the computers, but the President said pay me my money. All the danger this President and White House placed into my life [remainder of sentence illegible].

*Id.* at 4. In the Statement of Claims, Plaintiff writes, "My social security right has been violated." *Id.* at 6. Finally, as relief, Plaintiff states, "I want my full three checks, every month!" *Id.*

Plaintiff's complaint woefully fails to meet the pleading standards set forth in Federal Rule of Civil Procedure 8. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's complaint is completely devoid of any factual allegations supporting any cause of action. Even when reading Plaintiff's allegations liberally and in his favor, the Court can discern no cognizable cause of action. Instead, Plaintiff's complaint appears to contain only demands and allegations that are fanciful or border on delusional.

## II. LACK OF JURISDICTION

Plaintiff's complaint also fails to provide "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8. Fed. R. Civ. P. 8(a)(1). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

A plaintiff seeking to invoke this Court's jurisdiction must set forth the basis of the Court's subject matter jurisdiction. "In order for a federal district court to have jurisdiction over a claim, a plaintiff must show, on the face of the complaint, either complete diversity of citizenship or that a 'substantial' issue of federal law is

raised by the claim." *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

As stated above, Plaintiff does not identify the complaint as either a *Bivens* complaint or a section 1983 action. Plaintiff states his "social security right has been violated." Such a vague and conclusory allegation is not sufficient to show this Court has federal question jurisdiction under secton 1331. The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction. *Pearson v. U.S. Postal Serv.*, No. 3:06CV190MCR/EMT, 2007 WL 624536, at *2 (N.D. Fla. Feb. 22, 2007) (quoting *Fountain v. New Orleans Public Service, Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)); *see also Gilbeaux v. University of Texas Medical Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (concluding that a mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal jurisdiction).

Plaintiff also does not provide the residence of any Defendant, other than Trump (and the residence provided for Trump is incorrect[2]), which is necessary to

---

[2] Although Plaintiff identifies Trump as residing at the White House, the Court takes judicial notice that President Biden resides in the White House and did at the time the complaint was filed in June

Case No. 3:21cv872-MCR-HTC

establish diversity jurisdiction under section 1332. Further, Plaintiff has not identified an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Thus, there is nothing in the complaint from which the Court can discern that it has subject matter jurisdiction over this case.

Moreover, to the extent Plaintiff sues the Defendants in their official capacities, such a suit would be a suit against the United States and one that is barred by sovereign immunity. *See Nalls v. Bureau of Prisons of U.S.*, 359 F. App'x 99, 100 (11th Cir. 2009) (per curiam) ("[Sovereign] immunity generally applies in an official capacity suit, which is akin to a suit against the official's agency or entity."). "The protection of sovereign immunity generally extends to claims against the United States, agencies of the United States government, and employees of those agencies sued in their official capacities." *Ishler v. Comm'r*, 442 F. Supp. 2d 1189, 1203 (N.D. Ala. 2006), *aff'd sub nom. Ishler v. Internal Revenue*, 237 F. App'x 394 (11th Cir. 2007).

---

2021. *See The Mary*, 123 F. 609, 612 (S.D. Ala. 1903) (noting that courts can take "judicial notice of matters of public notoriety and general information, such as public laws, historical events, the constitution and course of nature, main geographical features, and the like, and will generally take notice of whatever ought to be generally known within their jurisdiction"); *Booth v. Indiana*, 237 U.S. 391, 395 (1915) ("[I]t is a matter of common knowledge, of which courts take judicial notice.").

Case No. 3:21cv872-MCR-HTC

### III. IMPROPER VENUE

Finally, although Plaintiff does not have to allege venue in his complaint, it appears that even if Plaintiff could state a cause of action *and* show this Court has jurisdiction, venue would still not be proper in this district. The venue for civil actions against government agencies or employees is governed by 28 U.S.C. § 1391(e). Under that provision, venue is proper (1) in any district in which any federal defendant resides, § 1391(e)(1)(A); *Rogers v. Civ. Air Patrol*, 129 F. Supp. 2d 1334, 1338 (M.D. Ala. 2001); (2) in any district in which a substantial part of the events or omissions giving rise to the claim occurred, § 1391(e)(1)(B); or (3) where the plaintiff resides if no real property is involved, § 1391(e)(1)(C).

Venue is not proper under any of those subsections. Plaintiff has alleged no facts showing any substantial events or omissions occurred in this district. As stated above, the only residence alleged by Plaintiff for any Defendant is for Trump, which while incorrect, would lay venue in the District of Columbia. And, Plaintiff identifies his residence as Massachusetts, which is also outside of this district. Thus, Plaintiff's complaint would be subject to dismissal for improper venue. *See* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## IV.  PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Also pending before the Court is Plaintiff's motion to proceed *in forma pauperis*.  "In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious."  *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)).  Specifically, under section 1915(e)(2)(B), the Court shall dismiss any claim filed under the *in forma pauperis* statute, which "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

As outlined above, Plaintiff's complaint fails to state a cognizable claim, even under the most liberal reading.  When a plaintiff cannot meet the second element of the *in forma pauperis* equation—namely by showing that the complaint is neither frivolous nor malicious—the District Court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action."  *See Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review Plaintiff's inconsistent and incomplete motion to proceed *in forma pauperis* because Plaintiff lacked standing to bring her asserted claims).  Thus, Plaintiff's motion to proceed *in forma pauperis* will be DENIED.

Case No. 3:21cv872-MCR-HTC

## V. CONCLUSION

Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). However, an opportunity to amend is not necessary when the defects in the complaint are incurable and an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). Instead, a district court may *sua sponte* "dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x. 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)).

District courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint, where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872,

874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  Indeed, while a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015).

For the reasons discussed above, the undersigned finds a *sua sponte* dismissal to be necessary in this case.  Plaintiff's complaint is bare of any facts, nonsensical, and identifies "all Presidents and Vice Presidents since 1955" as Defendants. Plaintiff has not alleged any facts establishing this Court's jurisdiction and, instead, the allegations appear to foreclose federal jurisdiction and venue in this district. Thus, the undersigned recommends this case be dismissed *sua sponte*.  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting that, before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED:

1. This case be DISMISSED as frivolous.

2. The clerk be directed to close the file.

At Pensacola, Florida this 16th day of July, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.